LABORDE, Judge.
In this automobile accident case, appellants Robert and Ann Holt appeal the trial court’s reduction of a jury’s award of damages against a UM insurer by the amount previously tendered by a liability carrier. Finding no error by the trial court as a consequence of the very clear instructions given the jury in this regard, we affirm.
FACTS
On July 10, 1989, plaintiff Ann Holt, was traveling west on Highway 28. Seeking to turn left under the caution light at the intersection of Highway 121, she stopped to permit oncoming traffic to pass. Mr. Michael Fraley, traveling behind Mrs. Holt, failed to stop and collided with Mrs. Holt, causing injuries.
Mr. Fraley was insured by Automotive Casualty Insurance Co. for $10,000.00. Mrs. Holt had an underinsured motorist policy issued by Farm Bureau. Farm Bureau paid Mrs. Holt’s medical bills of $4,855.62. Mrs. Holt and her husband, Robert S. Holt, sued Farm Bureau for damages, claiming Farm Bureau had been arbitrary and capricious in failing to timely pay damages under the Holts’ UM policy. ' Mrs. Holt settled with Automotive Casualty, accepting $9500 in exchange for a $10,000 credit towards a jury award. The parties stipulated prior to trial that Mrs. Holt had already been paid $14,-855.62.
On September 15, 1992, a jury awarded Mrs. Holt $14,355.62. Defendant Farm Bureau was granted a credit of $14,855.62, consisting of the credited Automotive Casualty policy limits of $10,000 and the $4,855 medical bills paid by defendant on behalf of plaintiff. The trial court entered judgment dismissing plaintiffs’ claims because Mrs. Holt had already been awarded more than the total amount of the damages. The trial court assessed costs to the plaintiffs. The Holts appeal, arguing that the trial judge improperly reduced the jury’s damage award by the sums previously paid. They also argue that they should not have been assessed with costs of the proceeding.
ASSIGNMENT OF ERROR NUMBER ONE
In their first assigned error, the Holts contend that the trial court erred in reducing the damage award against Farm Bureau, the uninsured motorist insurer, by the amount paid by tortfeasor Mr. Fraley’s insurer. They assert the reasoning of Carey v. Thomas, 603 So.2d 263 (La.App. 5th Cir. 1992) dictates our ruling in their favor. In Carey, the jury returned a general damage award of $50,000 and the trial judge reduced the jury award by $10,000 as an offset for the amount paid the plaintiffs by the tortfeasor’s insurer. The Louisiana Fifth Circuit found the trial court erred in reducing the award, reasoning that the reduction nullified both the parties’ stipulation as to the sum previously tendered and the judge’s jury instruction as to the credit. It reinstated the jury’s $50,000 award.
The Holts argue that the reasoning of Carey leads to the inevitable conclusion that the trial judge similarly erred by failing to add to the jury’s award the sums advanced by the liability carrier, but our comparison of the facts and instructions of Carey compels us to a different conclusion. In Carey, the jury’s directions were not so specific as they were in the present case.
The jury instruction on this issue, to which neither party objected, was as follows:
A UM insurer is entitled to a credit for special damages paid to the insured pri- or to trial and also a re-imbursement or credit for the proceeds of any settlement recovered by the insured arising out of the covered accident.
In light of such vague instructions, on review the appellate court properly assumed that the jury’s $50,000 award was in addition to the $10,000 previously tendered.
Turning to the instant proceeding, our thorough review of the trial transcript leads us to believe that the trial judge did not err in her conclusion as to the intended consequences of the jury’s verdict. True, as in Carey, both counsel stipulated at trial that *530 the jury would make an award based on the total amount of damages; but here the parties further stipulated that the trial judge would apply the credit only after the jury drew its conclusions, no doubt due to the relative difficulty of determining how to apportion the $10,000 tender among the various general and special damage award categories contained in the jury interrogatories. (In Carey, the jury was asked only to quantify plaintiffs general damages.)
The trial judge did not err in reducing the jury’s award by the $14,855.62 credit. The assumption of Carey that the jury’s verdict award was in addition to the sums previously tendered is overcome by the very clear instructions provided the jury in this case. Cf. Carey, at 266. The jury understood it was not to award damages after deducting the credit. The verdict form asked the following:
VERDICT FORM
I.
IN TERMS OF DOLLARS, HOW MUCH IN TOTAL DAMAGES DID PLAINTIFFS SUSTAIN AS A RESULT OF THIS ACCIDENT?
GEORGIA ANN HOLT
GENERAL DAMAGES
PAST & FUTURE PHYSICAL PAIN & SUFFERING $ 5000.00
PAST & FUTURE MENTAL PAIN & SUFFERING $ 4500.00
SPECIAL DAMAGES
PAST & FUTURE MEDICAL EXPENSES $ 4855.62
TOTAL DAMAGES $14355.62
The jury’s understanding is obvious insofar as the special damages, totalling $4855.62, were precisely identical to the sums stipulated by the parties in writing and in closing arguments. Moreover, plaintiffs’ counsel in his closing argument emphasized to the jury that in order for his client to recover additional relief there would have to be an award in excess of $14,855.62:
Now, in order for Mrs. Holt to collect anything from a verdict from y’all she has to receive over $14,855.62. $10,000 credit that they get for Automotive Casualty and $4,855.62 in medical expenses. So in order for her to get anything it has to be over $14,855.62.
Similarly, after conceding the stipulated special damage awards, defense counsel had this to say concerning the general damage award the jury was soon to be called upon to decide:
Now, the Judge is going to ask you to put numbers in each of these blanks under number 1. To award damages. The first is general damages. Past and future pain and suffering, past and future mental pain and suffering. They’re two items that go hand in hand. As long as those items do not exceed together $10,000, if you put like $5,000 or less in the first blank and $5,000 or less in the second blank then I think that you have done what the evidence shows and that is that the injuries are within the underlying policy limits of acceleration [sic] ... Mr. Fraley’s insurance company.
The trial judge acted properly in refusing to add to the jury’s award the sums previously tendered. As a consequence, plaintiffs first assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
The Holts additionally argue that the trial judge erred in casting them with all costs. On the merits, UM insurer Farm Bureau could not be found liable unless plaintiff was found to be inadequately compensated by the tortfeasor’s insurer. The jury did not so find. The trial court has broad discretion in assessing costs. In the absence of some other equitable or good reason, costs generally follow the final judgment in favor of the prevailing party. LeBlane v. Opt, Inc., 421 So.2d 984 (La.App. 3d Cir.1982), writ denied, 427 So.2d 438 (La.1983). The trial judge in this case did not abuse her discretion in casting the losing party with costs. Thus, this assignment of error also lacks merit.
DECREE
For the reasons assigned above, the judgment of the trial court is affirmed. Costs are *531 assessed against appellant, Robert S. Holt, et ux.
AFFIRMED.